**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

CHARLES E. FRANKLIN,

                              Plaintiff,

                                                                          DECISION AND ORDER

-vs-

                                                                              12-CV-6481-CJS-MWP

DAY & ZIMMERMAN NPS, INC.,

                              Defendant.

**APPEARANCES**

| | |
|---|---|
| For Plaintiff: | John Nacca, Esq.<br>30 West Broad Street Suite 504<br>Rochester, NY 14614<br>(585) 453-7730 |
| For Defendant: | Pamela S.C. Reynolds, Esq.<br>Jacqueline Phipps Polito, Esq.<br>Littler Mendelson, P.C.<br>400 Linden Oaks Suite 110<br>Rochester, NY 14625<br>(585) 203-3413 |

**INTRODUCTION**

    **Siragusa, J.** This diversity employment case is before the Court on Defendant's motion to dismiss, filed on December 18, 2012, ECF No. 14, for failure to state a cause of action. Defendant contends that "the claims are completely preempted by federal labor law, because they require interpretation of a collective bargaining agreement." Def. Mem. of Law at 1. For the reasons stated below, the application is granted.

**BACKGROUND**

Plaintiff Charles E. Franklin ("Franklin") filed his complaint in New York State court. Defendant Day & Zimmerman NPS, Inc. ("D&Z") removed the case to this Court, filed an answer, and then brought the pending motion to dismiss. For the purposes of the motion, the Court assumes the facts alleged in the complaint are true. Franklin is a resident of New York. D&Z's principal place of business is in Pennsylvania. D&Z previously employed Franklin for work at the Ginna nuclear plant ("Ginna" or "the plant") in Wayne County, New York State, during outages of the plant.

Franklin would typically work for eight to ten weeks and earn as much as $20,000 for his work. He is a member of Local 26 of the International Association of Heat and Frost Insulators & Allied Workers, affiliated with the AFL-CIO (hereinafter "Union"). D&Z had a collective bargaining agreement with the Union for the work at Ginna. Franklin asserts in his complaint that D&Z discriminated against him after he, as a union trustee, approached "his union brothers and, on behalf of his union, [approached] the employer, in order to protect and speak up for an injured co-worker by the name of Eric Pastor who had not been compensated adequately by [D&Z] and in accordance with standard wage protocol." Compl. ¶ 10. Franklin's complaint alleges that one week after he was successful in his intervention, he was laid off, and since that time, D&Z has consistently refused to employ him despite a long history of employment on projects at Ginna. He maintains that "as recently as April 18, 2011, during an outage, [D&Z] denied [Franklin] access to Ginna with no explanation, where it would not have denied [Franklin] access during outages at Ginna in previous years." Compl. ¶ 14. Franklin claims that D&Z has discriminated against him as a result of his membership in a union or for exercising any rights granted to him under 29 U.S.C. Chapter 7. Franklin's complaint alleges that D&Z

2

breached New York labor law by discriminating against him. N.Y. Lab. L. § 201-d(2) (Consol. 2014).

D&Z counters that because the Court must interpret Article II of the collective bargaining agreement, entitled Management Rights, Franklin's state law claims are preempted by the Labor Management Relations Act, 1947, section 301, 29 U.S.C. § 185 ("LMRA").[1] Franklin, however, argues that no interpretation of the collective bargaining agreement is necessary to adjudicate his claim.

## STANDARD OF LAW

To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Twombly* holding applies to all complaints, not just those sounding in antitrust). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a

---

[1] Section 301 of the Act provides that, "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

plaintiff armed with nothing more than conclusions. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2); *Iqbal*, 556 U.S. at 678–79.

## ANALYSIS

Point I of D&Z's memorandum asserts that Franklin's complaint fails to state a claim upon which relief may be granted and sets out a standard for Rule 12(b)(1) that is inapplicable to 12(b)(6)—"the court may dismiss a complaint 'if it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him or her to relief.' *Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004)." D&Z Mem. of Law at 2, Dec. 18, 2012, ECF No. 14-1. The Court rejects D&Z's argument set forth in Point I.

In Point II of its memorandum, D&Z asserts that Franklin's state law claims for wrongful termination and denial of continued work opportunities are substantially dependent on an analysis of Article II of the collective bargaining agreement, arguing that D&Z, under that Article, had the right to refuse to continue to employ Franklin. In essence, D&Z relies on the employer's authority under Article II to hire and lay off employees as it deems appropriate to meet work requirements and the skills required, as a defense to Franklin's discrimination claim. The Court disagrees that Franklin's claim is preempted because the Court must interpret the collective bargaining agreement.

In Point III of its memorandum, D&Z contends that since discrimination against an employee because of his membership in a union would be "arguably prohibited" by Section 8(a) of the National Labor Relations Act of 1935 ("NLRA"), that claim is preempted. In support of this argument, D&Z relies on *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 244–45 (1959). That case involved a dispute be-

tween unions and co-partners in the business of selling lumber and other materials in California. The dispute centered on the unions' demand that the co-partners retain in their employ only those workers who were already members of the unions, or those who applied for membership within thirty days. The co-partners refused and the unions began to picket at the co-partners' place of business. The California Superior Court for San Diego County enjoined the unions and awarded the co-partners damages, reasoning that the unions' activities constituted a tort under California law.

The Supreme Court held that the California court did not have jurisdiction to award damages for the unions' activities, which it also could not enjoin, writing, "[s]ince the National Labor Relations Board has not adjudicated the status of the conduct for which the State of California seeks to give a remedy in damages, and since such activity is arguably within the compass of § 7 or § 8 of the [National Labor Relations Act, 61 Stat. 140, 29 U. S. C. §§ 157, 158], the State's jurisdiction is displaced." *Garmon*, 359 U.S. at 247.

In order to determine whether the complaint asserts a claim that is arguably within the compass of §§ 7 or 8, the Court sets out the relevant parts of those statutes:

> RIGHTS OF EMPLOYEES
>
> Sec. 7. [§ 157.] Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 8(a)(3) [section 158(a)(3) of this title].
>
> UNFAIR LABOR PRACTICES
>
> Sec. 8. [§ 158.] (a) [Unfair labor practices by employer] It shall be an unfair labor practice for an employer—

>   (1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 7 [section 157 of this title]. . . .

NLRB §§ 7 & 8(a)(1), 29 U.S.C. §§ 157 & 158(a)(1) (2014). Franklin's claim of discrimination by his employer is arguably within the compass of §§ 7 and 8. In that regard, the Supreme Court has written,

> When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield.

*Garmon*, 359 U.S. at 244. In light of the holding in *Garmon*, this Court concludes that Franklin's state law claim is preempted by federal labor law, in particular NLRB §§ 7 and 8. Consequently, the sole cause of action is dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Day & Zimmerman NPS, Inc.'s motion to dismiss, ECF No. 14, is granted. Plaintiff Charles E. Franklin's claim under New York Labor Law § 201-d is preempted by the National Labor Relations Act of 1935 (as amended). The Clerk is directed to enter judgment for Defendant and close this case.

Dated:   April 30, 2014
         Rochester, New York

                     Enter:  /s/ Charles J. Siragusa
                             CHARLES J. SIRAGUSA
                             United States District Judge